*Wang v. Garland*

BIA
Cassin, IJ
A202 040 172

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

XIAO YU WANG,
> *Petitioner*,

v.                                                                No. 20-1602
                                                                  NAC

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER**: Vlad Kuzmin, Kuzmin & Associates, P.C., New York, NY.

**FOR RESPONDENT**: Brian Boynton, Acting Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel; Karen L. Melnik, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Xiao Yu Wang, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Yu Wang*, No. A202 040 172 (B.I.A. Apr. 20, 2020), *aff'g* No. A202 040 172 (Immig. Ct. N.Y. City May 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA briefly affirms the decision of an IJ and adopt[s] the IJ's reasoning in doing so, we review the IJ's and the BIA's decisions together." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006) (quotation

2

marks omitted). The agency's factual findings, including adverse credibility determinations, are reviewed "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), which entails deeming the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). Substantial evidence supports the agency's determination that Wang was not credible as to her claim that she has been persecuted in China on account of her Catholic faith.

The agency reasonably relied on Wang's inconsistent evidence regarding the abuse she purportedly suffered during that detention, the conditions of her release, and whether she attended classes at her church. *See id.; see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might

3

preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Wang did not compellingly explain these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.") (quotation marks omitted).

The agency also reasonably relied on Wang's inability to describe her religious practice in any detail, name any Bible story, or name the bishop at her church despite having attended church weekly for two years in China and four years in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Wang argues that reliance on knowledge of religious doctrine is improper, citing our decision in *Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006). In that case, we explained that there is no minimum "level of doctrinal knowledge" that an applicant must have "to be eligible for asylum on grounds of religious persecution." *Id.* We also acknowledged, however, that there are circumstances where "questions about religious doctrine are . . . relevant in assessing an asylum applicant's credibility in claiming religious persecution," such as if the applicant "claim[ed] to have been a

4

teacher of, or expert in, the religion in question." *Id.* Alhough Wang does not claim to be an expert in Catholicism, she does claim to have attended Mass weekly, an assertion that the IJ was entitled to be skeptical of in light of her inability to recall a single Bible story, the name of the bishop overseeing her church, or even anything about the homily that she had heard the Sunday prior to her testimony. The IJ was not imposing a doctrinal-knowledge requirement on Wang, but rather "wonder[ing]" in light of her "spare testimony . . . whether the testimony is fabricated," and "prob[ing] for incidental details." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc).

Finally, the agency reasonably relied on Wang's failure to rehabilitate her credibility with reliable evidence corroborating her church attendance in China or the United States. As Wang points out, corroboration is not strictly necessary for an asylum claim to be adjudged credible, but "the general rule is that such evidence should be presented where available." *Matter of Das*, 20 I. & N. Dec. 120, 124 (B.I.A. 1989). In particular, where, as here, an applicant's testimony exposes credibility issues, "the absence of corroboration in general makes an applicant unable to rehabilitate [the] testimony that has already been called into question."

5

*Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Wang objects that the IJ should have granted a continuance to allow her to obtain letters from her family in China that would have corroborated her church attendance, but this case had been pending for years by the time the IJ conducted the hearing in April 2018, and even though the government had been considering closing the case in its prosecutorial discretion, it had notified Wang's counsel more than two months before the hearing that the case would proceed to a merits hearing. The IJ permissibly decided that this was adequate time for Wang to prepare whatever corroborating evidence she wished to submit and that a continuance was unwarranted.

We have considered Wang's remaining arguments and found them to be without merit. Given the inconsistencies, lack of details, and lack of corroboration that pervade this case, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1252(b)(4)(B); *Likai Gao*, 968 F.3d at 145 n.8. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court